## IN THE UNITED STATES BANKRUPTCY COURT
## Middle District of Alabama

| | | |
|---|---|---|
| **In the Matter of**: | } | |
| | } | Case No. 06-31506 |
| Travis Johnson | } | |
| Kimberly Johnson | } | Chapter 13 |
| | } | |
| **Debtor(s)** | } | |

## MOTION TO INCUR DEBT TO PURCHASE REAL ESTATE AND MOTION FOR EXPEDITED HEARING

Comes now the undersigned attorney of record and hereby moves this Honorable Court to approve the incurring of debt and as grounds for such state as follows:

1. The debtor filed Chapter 13 on November 13, 2006.

2. During the Chapter 13 case, the Debtors have been renting and have not owned their own home. Most recently, the debtor has been paying $664 each month in rental payments.

3. The Debtors wish to incur debt to purchase real estate which will be used as the Debtors primary residence. The terms of the loan are the following:

   Property to be purchased:	6265 Mobile Highway, Greenville, Alabama
   Loan amount:	$143,010.00 @ 5% interest
   Total Monthly Payment:	$945.92
   Amount of down payment:	$0 - Debtors will receive 100% financing

4. The Debtors have a 97.4% pay record with the Chapter 13 Trustee and have had small increases in pay which would allow them to afford the new payment, therefore it will not impact negatively upon the Debtors' creditors. Furthermore, the Debtors seek the tax advantages of home ownership.

5. Should this Court be inclined to grant this motion after notice and hearing, the Debtors request this Court to issue an order prior to April 16th, which the Debtors

realtor has chosen as the closing date.

Wherefore, premises considered, the debtor requests this Court grant the Motion to Incur Debt to Purchase Real Property.

Respectfully submitted,

/s/ Vonda S. McLeod
*Attorney for Debtor*:
Shinbaum, McLeod & Campbell, P.C.
566 South Perry Street
Post Office Box 201
Montgomery, AL 36101-0201
334-269-4440

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above foregoing motion on all parties listed below by CM/ECF on this day March 30, 2010.

Chapter 13 Trustee
Bankruptcy Administrator, Teresa Jacobs

/s/ Richard D. Shinbaum
*Attorney for Debtor*:
Richard D. Shinbaum
Shinbaum, McLeod & Campbell, P.C.
566 South Perry Street
Post Office Box 201
Montgomery, AL 36101-0201
334-269-4440

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above foregoing motion on all parties listed below by CM/ECF on this day March 30, 2010.

Chapter 13 Trustee, Curtis C. Reding
Bankruptcy Administrator, Teresa Jacobs
FIRST LOWNDES BANK FIRST LOWNDES BANK P.O. BOX 508 FT. DEPOSIT AL, 36032

# INITIAL FEES WORKSHEET

| | | |
|---|---|---|
| Applicants: | Travis Johnson / Kim Johnson | Application No: 2133600252 |
| Property Addr: | Please Check Closing Cost, Greenville, AL 36037 | Date Prepared: 03/24/2010 |
| Prepared By: | PrimeLending, A PlainsCapital Company  Ph. 334-279-5758 | Loan Program: VA Fixed 30 YR |
| | 2227 Taylor Road, Montgomery, AL 36117 | |

The information provided below reflects estimates of the charges which you are likely to incur at the settlement of your loan. The fees listed are estimates - actual charges may be more or less. Your transaction may not involve a fee for every item listed.

Total Loan Amount $ 143,010    Interest Rate: 5.000 %    Term/Due In: 360 / 360 mths

| ITEMS PAYABLE IN CONNECTION WITH LOAN: | | | Amount | Paid By | PFC/F/POC |
|---|---|---|---|---|---|
| Loan Origination Fee | Paid To Lender: PrimeLending | 1.000 % | $ 1,430.10 | Borrower | √ √ |
| Loan Discount | Paid To Lender: PrimeLending | 1.750 % | 2,502.68 | Borrower | √ √ |
| Appraisal Fee | Paid To Other: FBO | | | Borrower | √ |
| Credit Report | Paid To Other: FBO | | | Borrower | √ |
| Lender's Inspection Fee | Paid To Lender: PrimeLending | | | Borrower | √ √ |
| Mortgage Broker Fee | Paid To | | | | √ |
| Tax Related Service Fee | Paid To Lender: PrimeLending | | 105.00 | Borrower | √ |
| Processing Fee | Paid To Lender: PrimeLending | | 400.00 | Borrower | √ √ |
| Underwriting Fee | Paid To Lender: PrimeLending | | 270.00 | Borrower | √ √ |
| Wire Transfer Fee | Paid To Lender: PrimeLending | | 35.00 | Borrower | √ √ |
| Flood Certification | Paid To Other: FBO FAFDS | | 10.00 | Borrower | √ √ |
| Closing Fee | Paid To Lender: PrimeLending | | 175.00 | Borrower | √ √ |
| Administration | Paid To Lender: PrimeLending | | | Borrower | √ √ |
| Document Prep Fee | Paid To Other: Polunsky & Beitel, LLP | | 75.00 | Borrower | √ |

| TITLE CHARGES: | | | Amount | Paid By | PFC/F/POC |
|---|---|---|---|---|---|
| Closing/Escrow Fee: | Paid To Other: Simmons & Simmons | Simmons & Simmons $ | 150.00 | Borrower | √ √ |
| Document Preparation Fee | Paid To Other: | | | Borrower | √ √ |
| Notary Fees | Paid To Other: | | | Borrower | √ |
| Attorney Fees | Paid To Other: | | | Borrower | √ √ |
| Title Insurance: | Paid To Other: Miss Valley Title | Miss Valley Title | 410.00 | Borrower | √ |
| Title Search & Binder | Paid To Other: Simmons & Simmons | | 230.00 | Borrower | √ |
| Deed Prep | Paid To Other: Simmons & Simmons | | 150.00 | Borrower | √ √ |
| Wiring & Overnight Fees | Paid To Other: Simmons & Simmons | | 35.00 | Borrower | √ |
| Recording Deed Fee | Paid To Other: Simmons & Simmons | | 10.00 | Borrower | √ |

| GOVERNMENT RECORDING & TRANSFER CHARGES: | | | Amount | Paid By | PFC/F/POC |
|---|---|---|---|---|---|
| Recording Fees: | Paid To Other: | $ | | Borrower | √ |
| City/County Tax/Stamps: | | | | | |
| State Tax/Stamps: | | | | | |
| Transfer Tax Fee | Paid To Other: | | 214.50 | Borrower | √ |
| Recording Mortgage | Paid To Other: | | 37.00 | Borrower | √ |
| Owners Title Policy | Paid To Other: Miss Valley Title | | 460.00 | Borrower | √ |

| ADDITIONAL SETTLEMENT CHARGES: | | | Amount | Paid By | PFC/F/POC |
|---|---|---|---|---|---|
| Pest Inspection | | $ | 100.00 | Borrower | √ |
| Survey | | | 500.00 | Borrower | √ |

| | | | |
|---|---|---|---|
| Total from GFE 2010 | Total from GFE 2010 Paid To (Final Inspection, Box 5, and Box 6) | | |
| | | Estimated Closing Costs | 7,299.28 |

| ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE: | | | Amount | Paid By | PFC/F/POC |
|---|---|---|---|---|---|
| Interest | Paid To Lender: PrimeLending | for 15 days @ $ 19.5904 / day $ | 293.86 | Borrower | √ |
| Mtg Ins. Premium | | | | Borrower | √ |
| Hazard Ins. Premium | Paid To Other: | | 1,761.72 | Borrower | √ |
| VA Funding Fee | | | 3,010.00 | Borrower | √ |
| Taxes Due | | | | | |

| RESERVES DEPOSITED WITH LENDER: | | | Amount | Paid By | PFC/F/POC |
|---|---|---|---|---|---|
| Hazard Ins. Premium | Paid To Lender: PrimeLending | 3 mths @ $146.81 / mth $ | 440.43 | Borrower | |
| Mtg Ins. Premium Reserves | | mths @ $ / mth | | Borrower | |
| School Tax | Paid To Lender: PrimeLending | mths @ $ / mth | | Borrower | |
| Taxes & Assessment Reserves | Paid To Lender: PrimeLending | 8 mths @ $ 31.40 / mth | 251.20 | Borrower | |
| Flood Insurance Reserves | | mths @ $ / mth | | | |
| | | mths @ $ / mth | | | |
| | | mths @ $ / mth | | Borrower | |
| | | Estimated Prepaid Items/Reserves | 5,757.21 | | |
| TOTAL ESTIMATED SETTLEMENT CHARGES | | | 13,056.49 | | |

| TOTAL ESTIMATED FUNDS NEEDED TO CLOSE: | | | | TOTAL ESTIMATED MONTHLY PAYMENT: | |
|---|---|---|---|---|---|
| Purchase Price (+) | 140,000.00 | Loan Amount (-) | 143,010.00 | Principal & Interest | 767.71 |
| Alterations (+) | | New First Mortgage (-) | | Other Financing (P & I) | |
| Land (+) | | Subordinate Financing (-) | | Hazard Insurance | 146.81 |
| Refi (incl. debts to be paid off) (+) | | CC paid by Seller (-) | 5,235.00 | Real Estate Taxes | 31.40 |
| Est. Prepaid Items/Reserves (+) | 2,747.21 | | | Mortgage Insurance | |
| Est. Closing Costs (+) | 4,796.60 | | | Homeowner Assn. Dues | |
| New 2nd Mtg Closing Costs (+) | | | | Other | |
| PMI, MIP, Funding Fee (+) | 3,010.00 | | | | |
| Discount (Borrower paid) (+) | 2,502.68 | FHA Required Investment (-) | | | |
| FHA EEM Improvements (+) | | FHA MI Premium Refund (-) | | | |
| | | FHA 203k Rehabilitation Cost (-) | | | |
| Total Estimated Funds needed to close | | | 4,811.49 | Total Monthly Payment | 945.92 |

* PFC = Prepaid Finance Charge    F = FHA Allowable Closing Cost    POC = Paid Outside of Closing

THIS IS NOT A GOOD FAITH ESTIMATE. A Good Faith Estimate is provided pursuant to federal law upon the submission of a formal loan application with us. This "Initial Fee Worksheet" is provided for informational purposes ONLY, to assist you in determining an estimate of cash that may be required to close and an estimate of your proposed monthly mortgage payment.

MLS # 270354

 CONTRACT FOR PURCHASE/SALE OF REAL ESTATE

The herein described Seller/s agree to sell and convey to the herein described Buyer/s and Buyer/s agree to purchase from Seller/s, upon the following terms and conditions, the following described real property in its AS IS condition without any warranties, expressed or implied, except to the extent otherwise provided for in this Agreement, and subject to any and all existing covenants, restrictions, easements of record, zoning ordinances, leases, and/or liens or encumbrances incurred in this transaction:

I. Property (herein called the "property") 6265 Mobile Hwy
   Address Greenville (City), Alabama Butler (County)
   NW 1/4 of SE 1/4 Sec 9, T-9N, R-14E, Butler County, AL (Legal)

II. Buyer(s) (herein called the "Buyer" whether one or more):
    Travis R. Johnson + Kimberly L. Johnson

III. Seller(s) (herein called the "Seller" whether one or more):
     Betty Massey

IV. Terms of purchase:
    1. Purchase/sales Price: $ 140,000.00/xx
    2. Earnest Money: $ 250.00/xx (✓) Check to be deposited upon acceptance of contract ( ) Cash to be deposited immediately.
    3. Seller to contribute up to $ 5235.00/xx towards closing costs which includes abstract or title update and deed preparation. + Termite Inspection, Buyer Closing Cost + Prepaids
    4. Buyer responsible for all prepaid items and any closing costs in excess of seller contribution in Section (IV) Number 3.
    5. This contract is subject to Buyer obtaining a loan in the amount of approximately $ 143,010.00/xx (✓) VA ( ) FHA ( ) Conventional
    6. Cash Sale ( ) This contract is not subject to financing, only to verification of funds within ___ days of contract acceptance. If not verified in time allotted the contract is terminated at Seller/s option.
    7. Closing to be on or about 4-16-10 except as stipulated in Paragraph 11 (Conveyance and Deed), with possession to be At Closing.
    8. Home Warranty provided ___ Yes / ✓ No   Paid for by: _____
    9. Wood Infestation Report requested ✓ Yes / ___ No (per Paragraph 4)
    10. Survey Requested (✓) Yes ( ) No  ( ) New (✓) Existing
        Paid for by: _____ as part of closing costs.

Buyer Initials TJ KJ  Seller Initials BM
MAAR/MLS Sales Contract (05/2008)

Butler Co.
334-382-6312
Property Taxes
↙
~~AAA~~ $376.80
÷ 12 = $31.40

Agent

Case 06-31506  Doc 45  Filed 03/30/10  Entered 03/30/10 09:44:11  Desc Main
Document  Page 5 of 12

11. Additional Terms: _Sale Contingent on meeting VA Appraisal Appraisal, Financing, Clear Termite Letter._

---

CONDITIONS

1. INSPECTION PERIOD: Buyer has until 5:00 P.M. on _10 days after Acceptance_ (date) to complete and be satisfied with any inspections and/or any investigations performed by a licensed inspector, licensed contractor the Buyer deems necessary (at Buyer's expense) to make a decision to purchase/sale the property. The utilities for the property will be made available by Seller for the Buyer inspection/s. If Buyer is not satisfied with the condition of the property, Buyer may cancel this contract in writing by providing notice to the Listing Real Estate Licensee or Broker prior to the above said date and time, or this contingency is deemed waived and completely removed from the Agreement. Seller reserves the right to correct said defective condition/s, not to exceed a cost deemed reasonable to Seller or as agreed to in writing by the Seller and Buyer. If Seller does not agree to correct said defective condition/s, or an agreement is not made between Seller and Buyer, Buyer has the option to accept the property "as is" or may cancel the purchase/sales contract and receive a full refund of the earnest money.

2. FINAL WALK-THROUGH INSPECTION: Buyer shall have the right to make a final inspection just prior to possession to determine that there have been no material changes in the condition of the property since the date of the contract. The utilities for the property will be made available by Seller for the final walk-through inspection. If material changes are discovered in the condition since the date of the contract, the Seller shall repair and restore the property to its previous condition.

3. FINANCIAL CONTINGENCY: Buyer has until 5:00 P.M. on _5 days after Acceptance_ (date) to be "Pre-approved" for credit worthiness by lender in writing or Seller has the option to terminate this contract.

4. WOOD INFESTATION REPORT: If a Wood Infestation Report (the "WIR") is requested, such WIR shall be dated no sooner than 30 days from closing, or in the case of new construction, a soil treatment letter is to be provided. The WIR will be part of Seller closing costs. If the WIR indicates active or previous infestation or damage from Termites, Powder Post Beetles, Wood Boring Beetles, or Wood Decaying Fungus, Seller shall immediately treat, and repair same, not to exceed a cost deemed reasonable to Seller or agreeable to Seller and Buyer, the Seller may terminate this contract unless Buyer agrees to pay the difference or accept, with mortgage company approval, the property so damaged.

5. CONTINGENCIES: The subject property shall remain on the market under contingent status until all contingencies are removed or the time for removal of such contingencies expires. In the event that the above time frames are not met then either party may void the Contract in writing.

6. APPRAISALS (ONLY APPLICABLE IF FHA, VA, OR CONVENTIONAL FINANCING ARE USED):

FHA LOAN: If FHA financing is used, it is expressly agreed that, notwithstanding any other provisions of this contract, Buyer shall not be obligated to complete the purchase of the property described herein or to incur any penalty by forfeiture of earnest money deposits or otherwise unless Mortgagee has delivered to Buyer a written statement issued by the Federal Housing Commissioner or a Direct Endorsement lender setting forth the appraised value of the property (excluding closing costs), of not less than the purchase/sales price amount described above which statement Mortgagee hereby agrees to deliver to Buyer promptly after such appraised value statement is made available to Mortgagee. Buyer shall, however, have the privilege and option of proceeding with the consummation of the contract without regard to the amount of the appraised valuation made by the Federal Housing Commissioner. The appraised valuation is arrived at to determine the maximum mortgage the Department of Housing and Urban Development will insure. HUD does not warrant the value or the condition of the property. Buyer should satisfy themselves that the price and condition of the property are acceptable.

VA LOAN: If VA financing is used it is expressly agreed that notwithstanding any other provisions of this contract, Buyer shall not incur any penalty by forfeiture of earnest money or otherwise be obligated to complete the purchase of the property described herein if the purchase/sales price exceeds the reasonable value of the property established by the Veterans Administration. Buyer shall, however, have the privilege and option of proceeding with the consummation of the contract without regard to the amount of the reasonable value established by the Veterans Administration.

CONVENTIONAL LOAN: If Conventional financing is used the Buyer acknowledges that any appraisal required by the lender is used by the lender to determine the maximum mortgage amount and does not warrant the value or condition of the property. Further it is expressly agreed that notwithstanding any other provisions of this contract, Buyer shall not incur any penalty by forfeiture of earnest money or otherwise be obligated to complete the purchase of the property described herein if the contract purchase/sales price exceeds the appraised value. Buyer shall, however, have the privilege and option of proceeding with the consummation of the contract without regard to the appraised value.

7. DISCLAIMERS BY REAL ESTATE LICENSEES: Seller and Buyer acknowledge that they have not relied upon any advice or representations of any real estate licensees involved in this sale relative, but not limited to, (i) the legal or tax consequences of this contract and the sale, purchase, or ownership of the property, (ii) the structural condition of the property including the condition of the roof, foundation, and basement, (iii) construction materials, (iv) the nature and operating condition of the electrical, gas, heating, air conditioning, plumbing and water heating systems, and appliances, (v) the age and square footage of the improvement, and the size or area of the property, (vi) the availability and condition of utilities, sewer service and septic system(s), (vii) the character of the neighborhood, (viii) the investment or resale value of the property (b) flood zone, (x) school zone, (xi) the proper construction of the property by the builder or developer, or the compliance of the builder or developer under any builder/developer warranty, or the future financial stability of the builder or developer, (xii) any other matter affecting Seller's or Buyer's willingness to sell or purchase the property on the terms and price herein set forth. Seller and Buyer acknowledge that if such matters are of concern to them in the decision to sell or purchase the property, they have sought and obtained independent advice relative thereto.

Buyer Initials _RS_ _KJ_ Seller Initials _BM_

MAAR/MLS Sales Contract (05/2008)

8. **DISCLAIMERS BY SELLER:** Neither the Seller nor any real estate licensee make any representations or warranties regarding the condition of the property except to the extent expressly and specifically set forth herein. Unless otherwise stated herein, said property is sold in AS IS condition without any warranties express or implied. Buyer has the obligation to determine, whether personally or through, or with, a representative of Buyer's choosing, any and all conditions of the property material to Buyer's decision to buy the property, including without limitation, the condition of the heating, cooling, plumbing, electrical and gas systems, and any built-in appliances; the roof and basement, including leaks therein; the age, size, square footage, or area of the property; construction materials including floors; structural condition; flood zone, school zone, utility and sewer or septic tank availability and condition; and any matters affecting the character of the neighborhood.

9. **FIXTURES AND APPURTENANCES:** All of the following that are now situated and attached to the premises, remain and form a part of this sale, unless otherwise stated: heating and air conditioning equipment, draperies, curtains, blinds, shutters and related equipment, (including traverse rods and cornice boards), chandeliers, television antennas, satellite dish and related equipment, installed exterior gas or electric lights, doorbell, mantels, water heaters, plumbing fixtures, light fixtures, switch plates, attic fans, bathroom mirrors, ceiling fans, gas logs, wall-to-wall carpeting, kitchen range, disposal, dishwasher, trash compactor, built-in microwave, fences, mailboxes, outbuildings, trees and shrubbery.

10. **PRORATION:** All taxes, homeowners' association dues, and condominium fees (if applicable) shall be prorated as of the date of closing, with Buyer to pay the costs from the date of closing. The tax proration herein called for shall be based upon the current information obtained from the Tax Assessor or Revenue Commissioner's office.

11. **CONVEYANCE AND DEED:** Seller shall furnish to closing attorney/settlement agent either an abstract of title commencing from and extending to a date accepted by local practice, or a title commitment or title binder accepted by local practice, disclosing a good and merchantable fee simple title, subject to taxes for the current year, easements, covenants, restrictions and matters of record which under local practice do not interfere with Buyer's use of the property, except as otherwise stated in this agreement. If the abstract, title commitment or title binder fails to show a good and merchantable fee simple title, Seller shall have a reasonable time (not to exceed thirty (30) days) after receipt of written notice of defects from the Buyer to cure such defects and make said title merchantable. If Seller is unable to provide a good and merchantable fee simple title within thirty (30) days, any earnest money paid shall be refunded to Buyer or Buyer may waive such defect and elect to purchase said property with such defect. Buyer may elect to purchase owner's title insurance at time of closing. At closing, Seller shall convey title by a warranty deed or in case of a foreclosure property, statutory warranty deed or foreclosure deed.

12. **RISK OF LOSS:** Seller agrees to keep in force sufficient hazard insurance on the property to protect all interests until this sale is closed and the deed delivered. If the property is destroyed or materially damaged between the date hereof and the closing and Seller is unable or unwilling to restore it to its previous condition prior to closing, Buyer shall have the option of canceling this contract and the earnest money shall be refunded, or accepting the property in its then condition. If Buyer elects to accept the property in its damaged condition, any insurance proceeds otherwise payable to Seller by reason of such damage shall be applied to the balance of the purchase/sales price or otherwise be payable to Buyer.

13. **EARNEST MONEY/TRUST ACCOUNT:** The Seller and Buyer hereby authorize the listing agency to hold the earnest money in trust pending the fulfillment of this contract with the understanding that (a) it is not a party to this contract and does not assume any liability for performance or non-performance of any parties, (b) it has the right to require from all parties a written release of liability of the listing agency, (and the selling agency, if applicable) which authorizes the release of the earnest money, (c) it is not liable for interest or other charges on the funds held, and (d) in the event a dispute arises between the parties to this agreement as to which shall be entitled to said earnest money, the listing agency shall be authorized to interplead said earnest money into the proper court, and in so doing, the listing agency shall be entitled to deduct a reasonable attorney's fee so incurred for interpleading said earnest money into the proper court from the sums so interplead. The prevailing party shall be entitled to all cost of interpleading the earnest money and any attorney fees so incurred from the non-prevailing party.

14A. **DEFAULT/ LEGAL REMEDIES:** If Seller defaults by wrongfully refusing to sell, or otherwise breaching this agreement, and the sale and purchase of the property does not close, Seller agrees (i) to pay said full brokerage fee due broker/s had the sale been consummated and (ii) Buyer may either pursue all remedies available to Buyer at law or in equity including but not limited to Specific Performance or in the event of a breach, Buyer may waive such breach and elect to purchase said property. If Buyer defaults by wrongfully refusing to purchase, or by breaching this agreement, and the sale and purchase of the property does not close, Buyer agrees (i) to pay said full brokerage fee due brokers had sale been consummated and (ii) Seller may pursue all legal remedies available to Seller at law and equity including but not limited to Specific Performance and may elect that the earnest money be forfeited by Buyer as liquidated damages whichshall be equally divided between (1) Seller and (2) listing broker (the sum to listing broker shall not exceed the full commission). Should Buyer default and if Specific Performance is enforced, and Buyer has not paid the full brokerage fee due broker/s had the sale been consummated, Seller shall pay said full brokerage fee due broker/s had the sale been consummated. In the event of default by either Seller or Buyer, all reasonable attorney fees and court costs may be recoverable against the defaulting party.

14B. **CONTROVERSIES, CLAIMS, COMPLAINTS, OR DISPUTES:** The parties agree that the property being sold and purchased has been involved in, and necessarily involves, interstate commerce, and that any controversy, claim, complaint, or dispute arising between the parties and the real estate licensees, the Montgomery Area Association of REALTORS®, Inc., (hereinafter referred to as "MAAR") and/or the Multiple Listing Service, Inc. of the Montgomery Area Association of REALTORS®, Inc (hereinafter referred to as "MLS"), or arising out of this Agreement, shall be resolved exclusively by binding arbitration. All parties specifically waive any rights they have to commence an action other than arbitration against each other or against real estate licensees, MAAR, and/or MLS. Any controversies, claims, complaints, or disputes arising or evolving out of or relating to this agreement or breach thereof, shall be settled under the Commercial Arbitration Rules then in force of the American Arbitration Association, unless this Section 14B has been submitted to and approved by the American Arbitration Association, in which case such controversies, claims, complaints, or disputes shall be settled under the Consumer Arbitration Rules then in force of the American Arbitration Association, and all parties agree to be bound by the decision of this arbitration. The decision of the Arbitrator shall be a final and binding resolution, which may be entered as a judgment by a court of competent jurisdiction; and may then be enforced by use of legal remedies.

15. **REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA) / CONTROLLED BUSINESS ARRANGEMENT DISCLOSURE:** The real estate company(s) involved in this transaction is/are full service real estate company(s). In an effort to offer complete service to the public, Seller and Buyer acknowledge and understand that the Broker potentially receives remuneration, referral fees and commissions from other affiliations in real estate related fields including, but not limited to, home building/remodeling, home warranties, property management, relocation, consulting, and computerized loan originations. All parties to this contract are advised to seek other services or compare cost of services in these related fields and do business with whomever or wherever is most desirable.

16. **NO THIRD-PARTY BENEFICIARY:** No person other than Seller, Buyer, or the real estate licensees involved in this sale shall be deemed to possess any third-party beneficiary right pursuant to this Agreement. It is the intent of the parties hereto that no direct benefit to any third party is intended or implied by the execution of this Agreement.

17. **ORAL STATEMENTS NOT BINDING:** NO ORAL STATEMENT, REPRESENTATION, PROMISE OR INDUCEMENT SHALL HAVE ANY VALIDITY NOR SHALL BE A PART OF THIS AGREEMENT. All covenants, promises and understandings written herein survive the closing. All rights, privileges, obligations and duties hereby granted or assumed shall inure to the benefit of and shall be binding upon successors, assigns, heirs, administrators and executors of the parties hereto.

Buyer Initials _RS KJ_ Seller Initials _BM_

MAAR/MLS Sales Contract (05/2008)

18. **SEVERABILITY OF TERMS:** If any provision of this agreement is deemed to be unlawful or is rendered inoperative by operation of law, then such provision shall be severed and the remaining provisions shall be enforced unless such severance shall render the agreement meaningless or shall work a manifest injustice on either party.
19. **SELECTION OF ATTORNEY:** The parties hereto acknowledge and agree that they may be required to execute an affidavit at closing acknowledging their recognition and acceptance of the fact that the closing attorney/settlement agent may not represent their interests. Each of the parties further acknowledges that they have the right to be represented at all times in connection with this contract and the closing by an attorney of their own choosing, at their own expense.
20. **TIME IS OF THE ESSENCE:** All parties agree that time is of the essence in regards to all provisions in the contract.
21. **ELECTRONIC TRANSACTION:** All parties hereby agree and consent that the Contract may be electronically transmitted and consent to the validity of electronic signatures, all in accordance with and governed by the Alabama Uniform Electronic Transaction Act.
22. **LEAD BASED PAINT DISCLOSURE:** The law requires that for all properties constructed before 1978 purchasers will be put on notice of their rights to test for lead-based paint and this will be a contingency of this contract. A lead-based paint warning addendum will be attached if required and made part of this purchase/sales contract.
23. **REAL ESTATE CONSUMER'S AGENCY AND DISCLOSURE ACT (RECAD) / AGENCY DISCLOSURE:**

PRINT NAME OF LISTING COMPANY __First Realty__
The listing company is: (Two blocks may be checked)
[X] An agent of the Seller.
[ ] An agent of the Buyer.
[ ] An agent of both the Seller and Buyer and is acting as a limited consensual dual agent.
[ ] Assisting the __✓__ Seller Buyer _____ as a transaction broker.

PRINT NAME OF SELLING COMPANY __First Realty__
The selling company is: (Two blocks may be checked)
[ ] An agent of the Seller.
[ ] An agent of the Buyer.
[ ] An agent of both the Seller and Buyer and is acting as a limited consensual dual agent.
[X] Assisting the _____ Seller Buyer __✓__ as a transaction broker.

24. **THIS IS A LEGALLY BINDING CONTRACT. IF NOT UNDERSTOOD, SEEK COMPETENT LEGAL ADVICE.**

**BUYER OFFER:**
The undersigned Buyer acknowledges that he/she has read and approved each of the provisions contained herein and agrees to purchase the herein described property for the price and on the terms and conditions specified.

Buyer: _[signature]_  _[signature] Kimberly Johnson_
Time and Date: __4 o'clock 3-15-10__
Selling Licensee (print) __Tammy Liller__  Selling Licensee (signature) __Tammy Liller__
Selling Company __First Realty__  Selling Company Phone Number __334-382-2688__

**SELLER ACCEPTANCE:**
Seller acknowledges and agrees to the terms and condition stated herein. Seller has read and understands the provisions and price. Seller authorizes the agreement to be delivered to the Buyer or his/her representative.

Seller: __Betty Massey__
Time and Date: __11 o'clock 3-16-10__
Listing Licensee (print) __Ted Tindal__  Listing Licensee (signature) __Ted Tindal__
Listing Company __First Realty__  Listing Company Phone Number __334-382-2688__

Buyer Initials __TB KJ__  Seller Initials __BM__

MAAR/MLS Sales Contract (05/2005)

**PrimeLending**
A PlainsCapital Company.

FHA AMENDATORY CLAUSE
/REAL ESTATE CERTIFICATION
VA ESCAPE CLAUSE

Buyer(s): _TRAVIS + KIMBERLY JOHNSON_   Date of Agreement: _3/15/10_
Seller(s): _Betty Massey_   File No: _2133600200_
Property Address: _6265 Mobile Hwy._

> **FHA Amendatory Clause**
> **VA Escape Clause**
>
> It is expressly agreed that notwithstanding any other provisions of this contract, the purchaser shall not be obligated to complete the purchase of the property described herein or to incur any penalty by forfeiture of earnest money deposits or otherwise unless the purchaser has been given in accordance with HUD/FHA or VA requirements a written statement by the Federal Housing Commissioner, Department of Veterans Affairs, or a Direct Endorsement lender setting forth the appraised value of the property of not less than $ _190,600_. The purchaser shall have the privilege and option of proceeding with consummation of the contract without regard to the amount of the appraised valuation. The appraised valuation is arrived at to determine the maximum mortgage the Department of Housing and Urban Development will insure. HUD does not warrant the value nor the condition of the property. The purchaser should satisfy himself/herself that the price and condition of the property are acceptable.
>
> _[signature]_   3/14/10
> Borrower   Date
> _[signature]_   3/14/10
> Borrower   Date
>
> Seller   Date
>
> Seller   Date
>
> Note: The dollar amount to be inserted in the amendatory clause is the sales price as stated in the contract. If the borrower and seller agree to adjust the sales price in response to an appraised value that is less than the sales price, a new amendatory clause is not required. However, the loan application package must include the original sales contract with the same price as shown on the amendatory clause, along with the revised or amended sales contract.
>
> **Real Estate Certification**
>
> We, the borrower, seller, and the selling real estate agent or broker involved in the sales transaction certify by our signatures below that the terms and conditions of the sales contract are true to the best of our knowledge and belief, and that any other agreement entered into by any of these parties in connection with this real estate transaction is ~~part of, or attached~~ to, the sales agreement.
>
> _[signature]_   3/14/10
> Borrower   Date
> _[signature]_   3/14/10
> Borrower   Date
> _Betty Massey_   3/14/10
> Seller   Date
>
> Seller   Date
> _[signature] Jed Jindal_   3-14-10
> Listing Agent (as applicable)   Date
> _[signature] Tammy Tillis_   3/14/10
> Selling Agent (as applicable)   Date

*(margin note left):* PURCHASE PRICE

*(margin note right):* ATTACHED TO PURCHASE CONTRACT

WARNING: Our signatures above indicate that we fully understand that it is a Federal Crime punishable by fine, imprisonment or both to knowingly make any false statements concerning any of the above facts as applicable under the provision of Title 18, United States Code, Section 1012 and 1014.

**Cotton States**
INSURANCE AND AFFILIATES

Cotton States Mutual Insurance Company
ALABAMA Home Insurance Premium Estimate
Thursday, March 18, 2010

| | |
|---|---|
| Prepared by: | John Snellgrove |
| Agent No.: | 17253 |
| Office No.: | 91001 – SOUTH ALABAMA |
| Agency: | 325 Greenville Bypass<br>Greenville, AL 36037 |
| Agent Phone: | (334) 382-2663   382-2125 |
| e-Mail: | John.Snellgrove@cottonstates.com |

334-382-2663

| | |
|---|---|
| Prepared for: | JOHNSON KIMBERLY & TRAVIS<br>607 FOREST DR<br>GREENVILLE, AL 36037-3515 |
| Quote Effective Date: | 03/18/2010 |
| Policy Term: | Annual |
| Pay Plan: | Monthly - Combined account |
| Policy Type: | Homeowners |
| CBR Code: | 3 |
| Policy Number: | UNBOUND |
| Policy Period: | 03/16/2010 - 03/16/2011 |

| PROPERTY CODE | DESCRIPTION | | COVERAGE LIMIT | PREMIUM |
|---|---|---|---|---|
| | **Policy Level Coverages** | | | |
| | Deductible/Theft Deductible | | $1,000 | |
| 001 | Liability | | | $59.36 |
| | Liability (per occurrence) | | $300,000 | |
| | Medical Payments (per person) | | $5,000 | |
| | Wind, Windstorm or Hail Exclusion? | | No | |
| | **Location: 6265 MOBILE RD GREENVILLE** | | | |
| 010 | Owner Occupied Dwelling "Homeowner" | | $160,234 | $1,702.28 |
| | Rate Class | (Q) Extended Replacement Cost | $32,047 – Cushion | |
| | | Coverage HH up to | $192,281 – Total Coverage | |
| | Premium Zone | | 58 | |
| | Peril Code | 06 - Risk of Direct Physical Loss/Addl Peril Comb. | | |
| | Fire Protection District | | 0187A | |
| | Fire Protection Class | | 08 | |
| | Construction Type | | Frame | |
| | Year Built | | 1982 | |
| | Square Footage | | 1900 | |
| | Loss Settlement | RPL-CST on Dwelling/Personal Property | | |
| | Family Units | | One family | |
| | Earthquake Coverage | | No | |
| | Inflation Coverage | | Yes | |
| | Alarm Credit | | 5% | |
| | Safe Heat Discount | Y/Gas-Elec-Wood Fireplace | | |
| | Vendors Single Interest Code | | No | |
| | Sump Pump | | Declined | |
| | Seasonal Indicator | | No | |
| | Building Ordinance Endorsement | | Policy Minimum $16,023 | Included |
| | Unoccupied Seasonal Dwelling (End 246) | | No | |
| | Sinkhole Collapse | | No | |
| | Multi-Policy Discount | | Promise/Life | |
| | Location County Number | | 007 | |
| 020 | Personal Property | | $120,176 | Included |
| 030 | Additional Living Expense | | $32,047 | Included |
| 040 | Auxiliary Private Structures | | $16,023 | Included |
| 003 | Loss Assessment | | $1,000 | Included |
| | **Package of Special Coverages** | | | |
| 081 | Trees, Shrubs, Plants, Lawns * | | $500 | Included |
| 082 | Debris Removal ** | | $500 | Included |
| 083 | Refrigerated Products | | $500 | Included |
| 084 | Credit Card & Forgery | | $1,000 | Included |
| 090 | Fire Department Service | | $500 | Included |

The comparison uses rates in effect on 07/27/2009. Using these rates, this comparison is based on information provided by you to your agent. This form does not provide coverage. Should an application be completed, the premium will be subject to the information, rates, and rules then in effect.

Page 1 of 2                                                                 Version: 3.1.5.210

Policy Number: UNBOUND

| PROPERTY CODE — DESCRIPTION | COVERAGE LIMIT | PREMIUM |
|---|---|---|
| * 5% of the Dwelling amount ($500 Maximum) | | |
| ** 5% of the Applicable Amount of Insurance | | |
| Annual Premium | | $1,761.84 |
| Monthly Installment(Direct Bill) | | $146.80 |
| Additional service charges will apply | | |

*$147.80 pmt.*

*$1.00 service charge will be added each month*

The comparison uses rates in effect on 07/27/2009. Using these rates, this comparison is based on information provided by you to your agent. This form does not provide coverage. Should an application be completed, the premium will be subject to the information, rates, and rules then in effect.

Page 2 of 2                                                                                                      Versk 13.1.5.210



**Andy Little**
*Loan Officer - Renovation Specialist*
Office: 334-279-5758   Cell: 334-799-1320
Fax:    334-279-5759   NMLS ID #: 195860
alittle@primelending.com
www.PrimeLending.com

2227 Taylor Road • Montgomery, AL 36117



Mortgages without obstacles.



Equal Housing Opportunity Lender